UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

eFRAUD SERVICES, INC.,

    Plaintiff,

v.

                                Case No.: 2:25-cv-663-SPC-NPM

SGS VENTURES LLC,

    Defendant.

## **ORDER**

This matter comes before the Court after review of the docket. For the reasons outlined below, the Court will dismiss Plaintiff eFraud Services, Inc.'s Amended Complaint (Doc. 9) without prejudice for failure to allege federal subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Plaintiff brought this action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, diversity of citizenship is not adequately pled.

The Amended Complaint alleges that Defendant SGS Ventures LLC d/b/a Elevate Consulting "is a Delaware limited liability company having a principal place of business at 5000 Birch Street, Newport Beach, California 92660," and further alleges that "[o]n information and belief, [Defendant's] members are citizens of the State of California." (Doc. 9 ¶ 9). There are two problems here. To start, Plaintiff uses the phrase "principal place of business" which helps establish citizenship for corporations rather than "state of incorporation" or "state of organization" which is used for unincorporated entities such as Defendant.

The more glaring problem is that Plaintiff cannot broadly assert that all of Defendants members are citizens of California. That is because Defendant is an LLC, and therefore Plaintiff must list out all of its members and their citizenship to establish jurisdiction. *See, e.g.*, *Mineola Holdings, Inc., v. Stoney Brook Fin. P'ship Ltd.*, No. 6:20-CV-2081-WWB-LRH, 2021 WL 12300401, at *1 (M.D. Fla. July 7, 2021) ("[B]ecause [Defendants] are unincorporated business entities, Plaintiff was required to allege in the amended complaint

2

the citizenship of each entity's individual members."); *Accident Ins. v. V&A Drywall & Stucco, Inc.*, No. 2:20-CV-00407-SPC-MRM, 2020 WL 3128861, at *1 (M.D. Fla. June 12, 2020) ("[T]he Complaint must identify each of the [LLC's] members and their citizenship."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (explaining "a party must list the citizenships of all the members of the limited liability company"). Plaintiff does not identify a single member, let alone its citizenship. Because Plaintiff fails to allege sufficient facts to demonstrate diversity of citizenship, it has not properly invoked this Court's jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Amended Complaint (Doc. 9) is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

2. The Clerk is now **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 29, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record